# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **CHARLES W. THOMPSON,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 1:12-4268** |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| ) | |
|     **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On August 13, 2012, Petitioner, an inmate at Mount Olive Correctional Center, and acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document Nos. 1 and 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1. The Supreme Court of W.V. Did not consider the arguments on Dr. Wallace's "junk science" testimony and Derek Lefler failed to appeal this issue back in 2005.

2. Amanda's testimony is newly discovered evidence. Attorney didn't bring out this evidence in jury trial.

(Document No. 1, pp. 5 - 8.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## PROCEDURE AND FACTS

By Indictment filed on October 16, 2003, Petitioner was charged with seven counts of Sexual

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Assault in the First Degree (Counts 1, 3, 5, 7, 9, 11, and 13), ten counts of Sexual Abuse by a Parent or Guardian (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20), and three counts of Sexual Assault in the Third Degree (Counts 15, 17, and 19) in Mercer County, West Virginia. State v. Thompson, Case No. 03-F-302 (Cir. Ct. Mercer Co. Dec. 15, 2004).[2] Following a jury trial conducted on September 28 - 30, 2004, Petitioner was convicted of six counts of Sexual Assault in the First Degree (Counts 1, 3, 5, 7, 9, and 11), ten counts of Sexual Abuse by a Parent or Guardian (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20), and three counts of Sexual Assault in the Third Degree (Counts 15, 17, and 19). On October 12, 2004, Petitioner filed a Motion for New Trial. The Circuit Court denied Petitioner's Motion on November 3, 2004. On December 6, 2004, Petitioner was sentenced to an indeterminate term of not less than 15 nor more than 35 years for each count (Counts 1, 3, 5, 7, 9, and 11) of Sexual Assault in the First Degree; not less than 10 nor more than 20 years for each count (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20) of Sexual Abuse by a Parent or Guardian; and not less than 1 nor more than 5 years for each count (Counts 15, 17, and 19) of Sexual Assault in the Third Degree. The Circuit Court ordered that sentences on some of the counts to run concurrently and some run consecutively, which resulted in a sentence of 26 to 60 years in the penitentiary.[3] On April 8 and 11,

---

[2] The staff of the undersigned obtained the following documents from the Mercer County Circuit Clerk's Office, which are attached as Exhibits: (1) A copy of the docket sheet involving *State v. Thompson*, Case No. 03-F-302 (Cir. Ct. Mercer Co. Dec. 6, 2004); (2) A copy of the docket sheet involving *Thompson v. Ballard*, Case No. 09-C-214 (Cir. Ct. Mercer Feb. 9, 2011); and (3) A copy of the Circuit Court's Order denying Petitioner's State *habeas* Petition.

[3] The Circuit Court ordered that "defendant's sentence with regard to Counts 1, 2, and 3 run consecutively with one another; the his sentence with regard to Counts 4, 6, 8, 10, 12, 14, 16, 18, and 20 run concurrently with one another; and that his sentences with regard to Counts 15, 17, and 19 run concurrently with one another. However, the defendant's sentences imposed with regard to Counts 5, 7, 9, 11, 4, 6, 8, 10, 12, 14, 16, 18, 20, 15, 17, and 19 shall run consecutively with his sentences imposed with regard to Counts 1, 2, and 3; and that his sentences imposed with regard to Counts 1, 2, and 3, and that his sentences imposed with regard to the offense of Sexual Assault-First

2005, Petitioner filed a Motion to Extend Time to Perfect Appeal. The Court granted Petitioner's Motion on April 11, 2005. On October 25, 2005, Petitioner filed a Motion to Re-Sentence Defendant for Appellate Purposes. The Circuit Court granted Petitioner's Motion and re-sentenced him on November 17, 2005.

On January 17, 2006, Petitioner, by counsel, filed a petition for appeal with the West Virginia Supreme Court of Appeals. In his Petition, Petitioner asserted the following errors:

1. The Circuit Court committed reversible and prejudicial error in allowing six counts of first degree sexual assault to go to the jury when there was no factual basis presented to the jury to support the element of the offense that T.H. was under eleven years of age at the time of the offense and thus incapable of consent;

2. The Circuit Court committed reversible and prejudicial error in allowing the testimony of Ms. Weisiger to be viewed by the jury as expert testimony and to allow her to give expert opinions when she was not academically or otherwise qualified to give such testimony;

3. The Circuit Court committed reversible and prejudicial error in allowing the expert opinion of Dr. Wallace as it relates to his "bi-manual exam," as it was not disclosed in discover and by the witness' own admission, has no validation within the medical community at large;

4. The Circuit Court committed plain error when the court did not *sua sponte* grant a new trial after a witness testified to hearsay identification of the defendant, which had indirectly been the subject of a pretrial Motion In Limine; and

5. The cumulative effects of the errors committed by the Circuit Court in denying the petitioner's other motions and objections requires relief.

---

Degree (Counts 5, 7, 9, and 11), the offense of Sexual Abuse by a Custodian (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20), and the offense of Sexual Assault-Third Degree (Counts 15, 17, and 19) run consecutively with one another." The Circuit Court further order that "the defendant's sentence as to Counts 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 16, 17, 18, 19, and 20 of the Indictment only be suspended, and that when the defendant is discharged from the penitentiary with regard to his remaining sentences imposed as to Counts 1, 2, and 3 of the Indictment, he shall be placed upon probation for a period of five (5) years"

The West Virginia Supreme Court refused Petitioner's appeal on September 6, 2006. State v. Thompson, Case No. 060175 (W. Va. Sep. 6, 2006).

On May 8, 2009, Petitioner, acting *pro se*, filed his first Petition for Writ of *Habeas Corpus* and *Losh* List in the Circuit Court of Mercer County. Thompson v. Ballard, Case No. 09-C-214 (Cir. Ct. Mercer Co. Feb. 9, 2011). In his Petition, Petitioner alleged the following grounds for relief:

1. Ineffective assistance of counsel;

2. Petitioner was denied his right to a jury trial and due process of law;

3. Petitioner was denied a fair trial by the admission without objection of bogus expert testimony by Dr. Wallace; and

4. Exists other grounds which will be assigned upon hearing.

The Circuit Court appointed counsel and scheduled a Status Conference. The Circuit Court conducted a Status Conference on June 12, 2009. Petitioner, by counsel, filed an Amended Petition and *Losh* List on November 6, 2009. In his Amended Petition, Petitioner alleged the following grounds for relief:

1. Petitioner was denied his rights to trial by jury and his right to due process of law by a State legal framework that permits conviction without proof of the act.

2. The expert opinions of Dr. Gregory Wallace do not pass muster pursuant to Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct. 278 (1993).

3. Ineffective Assistance of Counsel.

The Circuit Court conducted an omnibus *habeas corpus* hearing on November 9, 2009. During the omnibus hearing, Petitioner presented his testimony and testimony from William Akers, Petitioner's divorce attorney, and Derrick Lefler, Petitioner's trial counsel. The Circuit Court conducted a second omnibus hearing on October, 18, 2010, where the following individuals testified: William Akers,

4

Derrick Lefler, Margaret Thomas, David Smith, and Petitioner. By Order filed on February 9, 2011, the Circuit Court denied Petitioner's *habeas* petition. Petitioner filed a Notice of Appeal on February 16, 2011. By Per Curiam Opinion entered on June 13, 2012, the West Virginia Supreme Court denied Petitioner's appeal. State ex rel. Thompson v. Ballard, 229 W.Va. 263, 728 S.E.2d 147 (W.Va. 2012).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's direct appeal of his conviction was refused by the West Virginia Supreme Court of Appeals on September 6, 2006. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on December 5, 2006 (90 days after the West Virginia Supreme Court of Appeals refused his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[5] the one-year statute of limitation began to run on December 6, 2006, and Petitioner had until December 5, 2007, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner filed his first State *habeas* Petition on May 8, 2009, approximately one year and 5 months after the one year period expired. Accordingly, the one-year statute of limitation was not

---

[5] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
   **(1) Period Stated in Days or a Longer Unit.**
   When the period is stated in days or a longer unit of time:
      **(A)** exclude the day of the event that triggers the period;
      **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
      **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

tolled by Petitioner's State *habeas* proceedings as Petitioner did not have a State *habeas* petition pending at any time between December 6, 2006, through December 5, 2007. Petitioner filed his instant Section 2254 Application on August 13, 2012. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within

> which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed more than four years and eight months after the Section 2244(d) one-year period expired. The undersigned further notes that Petitioner's first State *habeas* Petition was filed nearly one year and five months after the Section 2244(d) limitation period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 2.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

Date: February 20, 2013.

R. Clarke VanDervort
United States Magistrate Judge